James J. Rufo, Esq.
The Law Office of James J. Rufo
*Attorney for the Debtor*
222 Bloomingdale Road, Suite 202
White Plains, NY 10605
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JUDITH R. MANDUJANO<br>aka JUDITH R. MANDUJANO-CARI, | CASE NO. 24-22519 (CGM) |
| DEBTOR | |

-----------------------------------------------------------X

**AFFIRMATION OF CHARLES A. HIGGS, ESQ. PURSUANT TO SECTION 327(e)**
**OF THE UNITED STATES BANKRUPTCY CODE AND RULE 2016**
**OF THE FEDERAL RULE OF BANKRUPTCY PROCEDURE**

**Charles A. Higgs**, being duly sworn, deposes and says:

1. I am an attorney admitted to practice law in the State of New York and before the Southern District of New York. I am the sole owner of The Law Office of Charles A. Higgs ("Applicant").

2. The debtor Judith R. Mandujano aka Judith R. Mandujano-Cari (the "Debtor") seeks to retain me as special counsel to commence an action against Debtor's prior mortgagee U.S. Bank Trust National Association as Trustee of Cabana Series III Trust ("Creditor") to recover property insurance proceeds from a fire at 140 Hale Ave, White Plains, NY (the "Hale Ave Property"), which Debtor believes were wrongfully obtained and utilized by Creditor (the "Adversary Proceeding") in connection with the mortgage lien against the Hale Ave Property. I have experience representing debtors and creditors in bankruptcy cases and adversary proceedings. I also regularly represent both individuals and corporations in state and federal court

litigation and as a result I submit that I am qualified to act as Special Litigation Counsel to the Debtor in this bankruptcy case.

3. By this Application, Applicant seeks an Order Approving the Retention of The Law Office of Charles A. Higgs as Special Litigation Counsel for the Debtor in the Adversary Proceeding.

4. No agreement exists between Applicant and any other person for a division of compensation to be received for services in connection with the instant Adversary Proceeding, nor shall Applicant share or agree to share compensation paid or allowed from the Estate for such services with any other person, other than as permitted by section 504 of the code.

5. I do not have any connection with the Debtor, its creditors, or any other party in interest herein or their respective attorney except as described below. Furthermore, I am not a pre-petition creditor of the Debtor.

6. Based on all the foregoing, I respectfully submit that I do not hold nor represent any interest adverse to the Debtor herein or its estate, in the matters upon which they are to be engaged.

7. All services for which compensation will be sought were rendered to the Debtor solely in connection with the Adversary Proceeding case and not on behalf of any individual creditors and/or other persons.

8. No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code or Section 504 of Title 11 of the United States Code has been or will be made by Applicant.

9. The professional services that I will render include representing the Debtor in all aspects of the Adversary Proceeding, and related discovery.

10. To the best of my knowledge I am a "disinterested person" as the term is defined in Bankruptcy Code Section 101(14) in that (a) I am not a creditor, equity security holder or insider of the Debtor; (b) I am not an investment banker for any outstanding security of the Debtor; (c) I have not been within two years before the date of the filing of the Debtor's petition been an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale, issuance of a security of the Debtor; (d) I am not and was not within two years before the date of the filing of the Debtor's petition a director, officer or employee of the Debtor's or an investment banker specified in parts (b) or (c) of this paragraph; and (e) I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor's or an investment banker specified in parts (b) or (c) of this paragraph, or for any other reason.

11. A review of the Debtor's financial documents has been conducted, this included a comprehensive credit search to identify a list of the Debtor's known creditors or pending litigation for potential conflicts. No known conflicts have been identified; and specifically, no conflicts with the Debtor's insiders exist.

12. A search of the Applicant's computer server containing all existing and prior matters and contacts has been conducted in which I compared a list of the Debtor's known creditors, members, directors, officers, and financial institutions. No parties were identified as former or current clients of the Applicant, or are in any way related, such that the firm could not be opposed to them.

13. In so far as I have been able to ascertain, I am a disinterested part in the Section 101(14) of the Bankruptcy Code, hold no interest nor represents any adverse interest to and have

no connection to the Debtor, the Debtor's estate, its creditors or any other party or interest or their respective attorneys and accountants with respect to matters for which I am to be engaged, other than as specifically set forth above.

14. I am not aware of any past or present relationship that would disqualify me representing this Debtor.

15. The Debtor desires to retain The Law Office of Charles A. Higgs under a general hourly retainer. The Law Office of Charles A. Higgs received a pre-petition retainer from the Debtor in the amount of $3,500.00 for the purpose of retaining the Law Office of Charles A. Higgs as Special Litigation Counsel to the Debtor in the Adversary Proceeding.

16. Retention of Applicant as special counsel to the Debtor in this case would be beneficial as I have experience representing parties in litigation involving a wide range of issues, and I also have experience representing parties in Chapter 7, 11, and 13 bankruptcy cases and Adversary Proceedings.

17. Applicant reserves the right to petition the Court in the future for fees.

18. The hourly rates to be charged by Applicant should the firm decides to petition the Court for the allowance of fees in the future are as follows:

   a. Charles A. Higgs, Esq.: $450.00 per hour

   b. Paraprofessionals: $200.00 per hour

19. No previous application for the relief sought herein has been made.

20. Pursuant to 28 U.S.C.§1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: Bedford Hills, NY
December 18, 2024

Respectfully submitted,

By: */s/ Charles A. Higgs*
Charles A. Higgs, Esq.
The Law Office of Charles A. Higgs
*Proposed Special Litigation Counsel to the Debtor*
2 Depot Plaza, Ste. 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@FreshStartEsq.com